REX DARRELL BERRY, State Bar No. 110219
SCOTT M. PLAMONDON, State Bar No. 212294
BERRY & BLOCK LLP
2150 River Plaza Drive, Suite 415
Sacramento, CA  95833
(916) 564-2000
(916) 564-2024 FAX

Attorneys for Defendant
MAJOR, LINDSEY & AFRICA SOUTHERN CALIFORNIA, LLC
(erroneously sued herein as Major, Lindsey & Africa, LLC)

## UNITED STATES DISTRICT COURT OF CALIFORNIA

## CENTRAL DISTRICT

| | |
|---|---|
| ROBERT GOLDSMITH, | ) Case No. CV08-02949-SJO-AGR |
| Plaintiff, | ) |
| | ) **ANSWER TO PLAINTIFF'S** |
| v. | ) **COMPLAINT** |
| | ) |
| MAJOR, LINDSEY & AFRICA, LLC, | ) |
| MITSUI & CO. (USA), INC., | ) |
| | ) |
| Defendants. | ) |

Defendant, MAJOR, LINDSEY & AFRICA- SOUTHERN CALIFORNIA, LLC

("MLA"), erroneously sued herein as "Major, Lindsey & Africa, LLC," for its answer and

affirmative defenses to the Complaint of Plaintiff, ROBERT GOLDSMITH ("Plaintiff"), admits,

denies, and sets forth affirmative defenses as follows:

## JURISDICTION AND VENUE

1.    With respect to the allegations in Paragraph 1, MLA does not contest that this

Court has jurisdiction over this matter.

2.    With respect to the allegations in Paragraph 2, MLA does not contest that venue is

appropriately set in this Court.

/ / /

/ / /

/ / /

1

ANSWER TO PLAINTIFF'S COMPLAINT

## PARTIES

3.     With respect to the allegations contained in Paragraph 3, MLA is without sufficient information or knowledge to form a belief as to the truth of the allegations, and on that basis, denies them.

4.     With respect to the allegations of Paragraph 4, MLA states that the appropriate entity to be named in this lawsuit is "Major, Lindsey & Africa- Southern California, LLC."  MLA denies the remaining allegations contained in this paragraph.

5.     With respect to the allegations contained in Paragraph 5, MLA is without sufficient information or knowledge to form a belief as to the truth of the allegations, and on that basis, denies them.

6.     Denied.

7.     Paragraph 7 contains a legal conclusion for which no answer is necessary, and on that basis is denied.

8.     Paragraph 8 contains a legal conclusion for which no answer is necessary, and on that basis is denied.

## FACTUAL ALLEGATIONS

9.     With respect to the allegations contained in Paragraph 9, MLA is without sufficient information or knowledge to form a belief as to the truth of the allegations, and on that basis, denies them.

10.     Admitted.

11.     With respect to the allegations of Paragraph 11, MLA states that MLA conducted a search for an in-house attorney position for Mitsui.  MLA denies the remaining allegations contained in this paragraph.

12.     With respect to the allegations contained in Paragraph 12, MLA admits that the allegation states in part information formerly available on MLA's website for the position in question.  MLA denies the remaining allegations contained in this paragraph.

/ / /

/ / /

**ANSWER TO PLAINTIFF'S COMPLAINT**

13.     With respect to the allegations contained in Paragraph 13, MLA admits that Plaintiff submitted to MLA an inquiry about the Mitsui position.  MLA denies the remaining allegations contained in this paragraph.

14.     Denied.

15.     Denied.

16.     With respect to the allegations contained in Paragraph 16, MLA admits that Plaintiff filed a charge of discrimination with the EEOC.  MLA denies the remaining allegations contained in this paragraph.

17.     With respect to the allegations contained in Paragraph 17, MLA admits that the EEOC issued a "Letter of Determination" dated February 7, 2008.  MLA denies the remaining allegations contained in this paragraph.

18.     Admitted.

**FIRST CLAIM FOR RELIEF FOR**

**VIOLATIONS OF FEDERAL AGE DISCRIMINATION IN EMPLOYMENT ACT**

19.     With respect to the allegations contained in Paragraph 19, MLA incorporates and realleges its responses to the allegations set forth in Paragraphs 1-18.

20.     Denied.

21.     With respect to the allegations contained in Paragraph 21, MLA is without sufficient information or knowledge to form a belief as to the truth of the allegations, and on that basis, denies them.

22.     With respect to the allegations contained in Paragraph 22, MLA states that Major, Lindsay & Africa – Southern California, LLC does not employ between 50-100 employees. MLA denies the remaining allegations contained in this paragraph.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

**ANSWER TO PLAINTIFF'S COMPLAINT**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, MLA pleads that Plaintiff's Complaint and each and every claim purportedly set forth therein, fails to state facts sufficient to constitute a claim or claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, MLA pleads that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, MLA pleads that Plaintiff has failed to mitigate his damages, if any, by not exercising reasonable efforts and due diligence to obtain suitable alternative employment.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, MLA pleads that Plaintiff failed to exhaust all the administrative remedies that were prerequisites to filing this action, and therefore this action is barred.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, MLA pleads that the actions of certain of MLA's employees, or former employees, if the acts occurred as the Complaint alleges, were beyond the scope of their employment, although MLA in no way admits those acts occurred.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, MLA pleads that the Complaint, and each purported claim contained therein, is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh affirmative defense, MLA pleads that the Complaint, and each purported claim contained therein, is barred by the doctrine of unclean hands.

/ / /

/ / /

---

4

**ANSWER TO PLAINTIFF'S COMPLAINT**

**EIGHTH AFFIRMATIVE DEFENSE**

As an eighth affirmative defense, MLA pleads that the Complaint, and each purported claim contained therein, is barred and/or damages are limited or precluded by, the doctrine of after-acquired-evidence.

**NINTH AFFIRMATIVE DEFENSE**

As a ninth affirmative defense, MLA pleads that the Complaint, and each purported claim contained therein, is barred by the doctrines of estoppel and/or waiver.

**TENTH AFFIRMATIVE DEFENSE**

As a tenth affirmative defense, MLA pleads that damages, if any, were brought about by Plaintiff's own conduct, not the conduct of MLA or any of its supervisors, agents or employees.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a eleventh affirmative defense, MLA pleads that damages against MLA, if any, must be set off against any other source of compensation available to Plaintiff, including but not limited to, wages and benefits earned at other employment and workers' compensation benefits received.

**TWELFTH AFFIRMATIVE DEFENSE**

As a twelfth affirmative defense, MLA pleads that the Complaint, and each purported claim contained therein, fails to state facts sufficient to support allegations of oppression, fraud, and/or malice.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a thirteenth affirmative defense, MLA pleads that Plaintiff may not recover punitive damages since no officer, director, or corporate managing agent committed, ratified or condoned malicious or oppressive conduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a fourteenth affirmative defense, MLA pleads that the Complaint, and each purported claim contained therein, is barred by the fact that the alleged conduct by the Defendant was justified under the given circumstances.

/ / /

**ANSWER TO PLAINTIFF'S COMPLAINT**

1

**FIFTEENTH AFFIRMATIVE DEFENSE**

2        As an fifteenth affirmative defense, MLA pleads that state and federal laws regarding the

3 conduct alleged in the Complaint, and each purported claim therein, are too vague to permit the

4 imposition of punitive damages and thereby deny due process, impose criminal penalties without

5 requisite constitutional protections, violate the Fourteenth Amendment of the United States

6 Constitution, and place an unreasonable burden on interstate commerce.

7        WHEREFORE, reserving the right to allege any further affirmative defenses that become

8 apparent during discovery and having fully answered the complaint, MLA prays that Plaintiff's

9 claims be dismissed with prejudice and that Plaintiff take nothing thereby; that MLA be awarded

10 judgment in its favor and its attorneys' fees and costs incurred in defense of this action; and such

11 other relief in MLA's favor as the Court deems just and proper.

12

13 DATED:  June 19, 2008               BERRY & BLOCK LLP

14

15                             By  /s/ Rex Darrell Berry, Esq.

                              REX DARRELL BERRY

16                               SCOTT M. PLAMONDON

                              Attorneys for Defendant

17                               MAJOR, LINDSEY & AFRICA-

                              SOUTHERN CALIFORNIA, LLC

18

19

20

21

22

23

24

25

26

27

28

**ANSWER TO PLAINTIFF'S COMPLAINT**